Opinion filed March 20, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 20,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00302-CV 

                                                    __________

 

                                  LILLIE MARIE CLARK, Appellant

 

                                                             V.

 

                                   GREG
STEVEN CLARK, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                         Gaines
County, Texas

 

                                              Trial
Court Cause No. 00-10-14125

 



 

                                             M E M O R A
N D U M  O P I N I O N

 

Lillie
Marie Clark filed a motion to modify an order naming Greg Steven Clark sole
managing conservator of their three children.  The motion was tried to a jury. 
The jury held for Greg, and Lillie filed a motion for new trial alleging jury
misconduct.  The trial court conducted an evidentiary hearing and denied the
motion.  Because the trial court erred by excluding admissible testimony, we
reverse and remand.








Lillie
called Trey Curiel as a witness during the posttrial hearing and asked about a
conversation he had with one of the jurors.  Greg objected, contending that
Curiel=s testimony was
hearsay.  Lillie responded that it was admissible as a statement against
interest.[1]  The trial
court sustained Greg=s
objection, and Lillie made an offer of proof.  Curiel testified that he spoke
with one of the jurors after the trial, that the juror admitted that he thought
Lillie was crazy, that he knew who he would vote for before he ever came to the
courthouse, and that he did not want to let his coach down.  Following the
offer, the trial court reaffirmed its decision to exclude Curiel=s testimony and denied
Lillie=s motion for
new trial.

Lillie
challenges the trial court=s
ruling with two issues.  She contends that the trial court erred by excluding
Curiel=s testimony[2]
and erred by denying her motion for new trial.  Greg does not directly address
the exclusion of Curiel=s
testimony and essentially concedes the issue.  Greg argues instead that, even
if Curiel=s testimony
is considered, the trial court did not abuse its discretion because it could
have disbelieved or discounted Curiel=s
testimony for any number of reasons.  We agree that the trial court has broad
discretion and that we must defer to any credibility assessment when
considering the exercise of that discretion.  However, the trial court=s ruling makes clear that
it did not consider Curiel=s
testimony and, therefore, that it did not make a credibility assessment.








The
statement against interest hearsay exception applies to statements that, at the
time of their making, tend to subject the declarant to civil or criminal
liability.  Tex. R. Evid.
803(24).  Curiel=s
proffered testimony falls within this exception.  During voir dire, the
challenged juror indicated that he knew both parties and their children and
that Greg had been his high school basketball coach.  But, he denied that this
would give him a bias in the case or that he would show favoritism toward
Greg.  These representations are fundamentally inconsistent with the juror=s alleged posttrial
admission that he had decided how to vote before the start of trial and his
alleged statement that he did not want to let his coach down.  Moreover, these
discrepancies would potentially subject the juror to a perjury charge.  See
Tex. Penal Code Ann. ' 37.02 (Vernon 2003); Duffy
v. State, 567 S.W.2d 197, 200 (Tex. Crim. App. 1978) (statements or answers
given by prospective jurors during voir dire are given under oath). 
Accordingly, the statement-against-interest exception applies, Curiel=s testimony was admissible,
and the trial court abused its discretion by excluding it.[3] 
Because Curiel=s
testimony was the sole evidence of the alleged misconduct, its exclusion was
harmful.[4]  Lillie=s second issue is
sustained.  

Curiel=s testimony does not
establish jury misconduct as a matter of law, but merely creates a fact
question.  We cannot, therefore, conclude that the trial court erred by denying
the motion for new trial.  Lillie=s
first issue is overruled.  The trial court=s
order denying Lillie=s
motion for new trial is reversed, and this case is remanded for further
consideration.

  

 

PER CURIAM

 

March 20, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









     [1]See Tex. R. Evid. 803(24).





     [2]Lillie=s brief refers to Curiel=s
affidavit rather than his testimony.  We believe that this was a typographical
error and that she is complaining of the exclusion of his testimony.  





     [3]See City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995) (the admission or
exclusion of evidence is a matter within the trial court=s discretion).





     [4]See Tex. R. App. P. 44.1 (in addition to
error, an appellant must also show that the error was calculated to cause and
probably did cause the rendition of an improper judgment).